IN THE UNITED STATES DISTRICT COURT

District of Columbia

SHARONE K. WILLIAMS                    :
     Plaintiff,                              :
3705 Captain Wendell Pruitt Way        :
Ft. Washington, MD 20745               :
                               :    Case No.
v.                                     :
                               :    Jury Trial Demanded
NTVI FEDERAL, LLC.                     :
     Defendant.                              :
7799 Leesburg Pike, Suite 700n         :
Falls Church, VA 22043                 :

## COMPLAINT

Plaintiff, Sharone K. Williams, brings this action against his employer, Defendant

NTVI Federal, LLC., to redress race discrimination and a racially hostile work environment

under Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. §1981.

**I.      JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter of the instant complaint

pursuant 28 U.S.C. § 1331 because the plaintiff brings an action arising under the laws of the

United States.

2.      Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28

U.S.C. §1391 because the Defendant conducts its business within the District, the unlawful

employment practices were committed in the District, and the employment records were

maintained, in whole or in part, in this District.

## II.      PARTIES

3.      At all times relevant to the averments of this Complaint, Plaintiff, Sharone K. Williams was employed by Defendant, NTVI Federal, LLC. on an Operations and Maintenance contract procured by the General Services Administration ("GSA") in a federal building within the District of Columbia.  Plaintiff worked as a licensed electrician.  Plaintiff is a citizen of the State of Maryland.

4.      At all times relevant to the averments of this Complaint, Defendant, NTVI Federal, LLC. ("NTVI") was a federal contractor with a prime contract with GSA for Operations and Maintenance services in the District of Columbia.  NTVI employed Plaintiff during the relevant period and is a corporation organized under the laws of the State of Virginia.

## III.      ADMINISTRATIVE REMEDIES

5.      Plaintiff has exhausted all administrative remedies. Plaintiff filed a Charge of Discrimination with the EEOC and the EEOC issued a Notice of Rights on July 30, 2018. Plaintiff has timely filed his complaint of discrimination.

## IV.      FACTS

6.      Plaintiff, Sharone K. Williams ("Williams"), an African American male, is employed by NTVI as an electrician on an Operations and Maintenance contract with GSA.  Dan Shepp, the chief engineer and a white male is Williams' direct supervisor.  Williams worked in the GSA headquarters building on 18th and F Street in Northwest, DC.

7.      In or about March 2018, there were approximately 40 hours of overtime budgeted for employees to work.  Williams requested eight hours of the overtime budget from his supervisor and Mr. Shepp denied the request.  Instead, Mr. Shepp allowed a white, similarly

situated employee to work the overtime without reasonable or legitimate justification.

8.      The date following Williams' request, a second African American employee, Kristian Pyles, requested overtime.  He was also denied by Mr. Shepp in favor of the white male employee without legitimate or reasonable justification.

9.      In April of 2018, Williams continued to request opportunities for overtime.  On another occasion, Mr. Shepp denied his request in favor of a white female employee without legitimate or reasonable justification.

10.     During the remainder of the month. Mr. Shepp regularly afforded the white male opportunities to work overtime without advising of or offering the opportunity to Williams and other African American employees.

11.     Williams was approximately five minutes late to work on one occasion and Mr. Shepp complained to management.  During the same period of time, there were four to five no-calls/no-shows by white employees and Mr. Shepp took no action.

11.     On or about May 3, 2018, Williams participated in a meeting with the company CFO and the contract manager to voice his complaints and concerns about what he believed to be race discrimination on the part of Mr. Shepp.  Neither the project manager nor the CFO took steps to address Williams' concerns.

12.     On or about May 7, 2018, Williams was leaving for the day when he noticed that someone hung a noose in the electrical shop.  Several individuals saw the noose, including Greg Hughes, Sr. and the Deputy Director and Director of the GSA program.  GSA internal security was called.  A representative came and took pictures of the noose and to remove it.

13.     Williams reported it the following day and learned that GSA had also reported it

to NTVI's project manager. GSA suggested that the incident be "kept quiet" for the moment. The GSA Director of Internal Security, Vince Eckard, saw the noose and commented that he would have placed the noose in the center of the room.

14.     More than three weeks elapsed with no contact or investigation by NTVI. The project manager also told Williams to keep the matter quiet. Unsatisfied with the lack of investigation, Williams approached GSA's security representatives and asked if they had or intended to investigate the matter. The representative told Williams to call the Federal Protective Service. Williams did as suggested.

15.     An inspector from the Federal Protective Service came out the same date as the call. The inspector asked why GSA or NTVI waited three weeks for something "so serious." Williams explained that his PM and GSA Internal Security stated that the matter should be kept quiet and escorted the inspector to the electrical shop.

16.     The inspector questioned GSA's actions in taking the noose down without calling Federal Protective Service. After observing the room, he approached GSA internal security to complain about the way they handled the incident. GSA indicated that the matter was a NTVI matter and they had no responsibility.

17.     Approximately six weeks after the incident, officials from NTVI told Williams that their investigation was inconclusive. No NTVI or GSA representative interviewed or otherwise contacted Williams in the context of the investigation. NTVI did not endeavor to discover the perpetrators or take other steps to prevent and correct the serious incident of racial harassment.

## V.      CLAIMS

### COUNT I - Discrimination and Harassment Under Title VII of the Civil Rights Act of 1964, as Amended

18.      Plaintiff restates and realleges the allegations of paragraphs one through 17 as if fully set forth herein and further alleges:

19.      Defendant discriminated against Plaintiff in terms of compensation, and specifically the opportunity to earn overtime, because of his race, African American.  Defendant treated similarly situated employees outside of Plaintiff's protected race more favorably.

20.      Defendant treated similarly situated individuals who are not African American more favorably than Plaintiff in terms of discipline.

21.      Defendant failed to promptly correct and prevent racial harassment.  Defendant failed to adequately and appropriately investigate the hanging of a noose and instead requested that the incident be swept under the rug.

22.      As a direct and proximate result of Defendant's discrimination, Plaintiff's subjection to a racially hostile work environment, and Defendant's failure to promptly prevent and correct the serious, threatening and intimidating hostile work environment, Plaintiff has and continues to suffer emotional stress, fear, humiliation, and embarrassment, and has suffered pecuniary damages in amounts to be determined at trial.

### COUNT II - Discrimination and Harassment in Violation of 42 U.S.C. §1981

23.      Plaintiff restates and realleges the allegations of paragraphs one through 17 as if fully set forth herein and further alleges:

24.      Defendant discriminated against Plaintiff in terms of compensation, and

specifically the opportunity to earn overtime, because of his race, African American.  Defendant

treated similarly situated employees outside of Plaintiff's protected race more favorably.

26. Defendant treated similarly situated individuals who are not African American

more favorably than Plaintiff in terms of discipline.

26. Defendant failed to promptly correct and prevent racial harassment.  Defendant

failed to adequately and appropriately investigate the hanging of a noose and instead requested

that the incident be swept under the rug.

27. As a direct and proximate result of Defendant's discrimination, Plaintiff's

subjection to a racially hostile work environment, and Defendant's failure to promptly prevent

and correct the serious, threatening and intimidating hostile work environment, Plaintiff has and

continues to suffer emotional stress, fear, humiliation, and embarrassment, and has suffered

pecuniary damages in amounts to be determined at trial.

**COUNT III - Retaliation in Violation of Title VII of the Civil Rights Act of 1964 and 42
U.S.C. §1981**

28. Plaintiff restates and realleges the allegations of paragraphs one through 17 as if

fully set forth herein and further alleges:

29. Plaintiff complained to NTVI's CFO, program manager and his direct supervisor

about racial discrimination and racially disparate treatment.

30. Days after complaining, Plaintiff, an electrician, walked into the electrical shop to

find that someone had hung a noose, a racially harassing symbol designed to elicit fear through

intimidation and the suggestion of violence against Plaintiff's life.

31. Defendant refused to take any action concerning the noose in order to calm the

situation or to assist Plaintiff in feeling more comfortable in the work environment in retaliation

for his complaints of discrimination.

32.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff

suffers and continues to suffer embarrassment, emotional stress and anguish.

## VI.     PRAYER FOR RELIEF

a.     Plaintiff requests a declaratory judgment determining that Defendant

discriminated and retaliated against Plaintiff and an order enjoining Defendant from further

discrimination and retaliation against Plaintiff.

b.     Plaintiff seeks compensatory damages for pain and emotional suffering in

amounts to be determined at trial.

c.     Plaintiff seeks punitive damages to deter Defendant from future conduct.

d.     Plaintiff seeks attorney's fees and costs in amounts to be later determined.

e.     Plaintiff requests other and further relief as justice may require.

 JURY TRIAL DEMANDED

Dated this 28th day of  October, 2018.

 /s/Eden Brown Gaines
Eden Brown Gaines #489862
Brown Gaines, LLC
10 G Street, NE, Suite 600
Washington, DC 20002
Main (202) 248-5040
Fax (301) 542-0032
egaines@browngaines.com